IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THERESA A. POGUE-BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-4335-CV-C-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is affirmed.

Plaintiff was born in June 1947, completed the sixth grade and left school in the seventh grade, and last worked full-time in October 1994. Her job at that time consisted of packing school lunches on an assembly line. She suffered an injury on the job, and contends she was disabled as a result of that injury. However, the nature of Plaintiff's arguments on appeal makes it unnecessary to examine her medical history in great detail.

Plaintiff has applied for disability insurance benefits under Title II of the Social Security Act. This is significant because eligibility under Title II has a durational limit defined by statute, see 42 U.S.C. § 416(i)(2)(C), so a claimant must be disabled on or before the date he or she was last insured. E.g., Davidson v. Astrue, 501 F.3d 987, 989 (8th Cir. 2007). Plaintiff's insured status expired on June 30, 2000, so she had to be disabled on or before that date. This observation was made at numerous points during the proceedings, including during the administrative hearing when the ALJ directed Plaintiff's representative to shift her questions' focus from the time of the hearing to her status before June 2000 because Plaintiff was not eligible for Title II benefits after June 2000. R. at 21-23.

The ALJ applied the Medical-Vocational Guidelines to analyze Plaintiff's claim. He determined Plaintiff fell in the category for "limited education," retained the residual functional capacity to perform the full range of light work, and had no transferable job skills. These findings are not challenged by Plaintiff. Plaintiff was fifty-three years old on June 30, 2000, which placed her in the category for "closely approaching advanced age." The ALJ correctly determined Plaintiff was "closely approaching advanced age." Based on these factors, the Guidelines directed a finding that Plaintiff was not disabled.

Unfortunately, while the ALJ properly ascertained Plaintiff was "closely approaching advanced age" when her insured status expired in June 2000, he did not always accurately describe how this determination was made. On the first page of his written order the ALJ correctly noted Plaintiff's insured status expired on June 30, 2000. R. at 10. Later, he incorrectly stated her insured status expired on June 30, *2009*. R. at 12. When the ALJ applied the Guidelines he correctly described Plaintiff as "closely approaching advanced age," but in the same breath he described her as being 62 years old, R. at 16. This was her age on June 30, 2009, but as noted this was not her age when her insured status expired. Moreover, age 62 places a person in the next age category (advanced age), which was not the age category that was applied (and was not the correct age category).

The discrepancy became an issue in Plaintiff's appeal to the Appeals Council. Plaintiff argued the ALJ applied the wrong guideline because she "changed age categories to a person of 'advanced age' when she turned fifty-five on June 7, 2003." R. at 5. The guideline applicable to a person of advanced age directed a finding of "disabled," so Plaintiff argued she should have been found disabled effective June 7, 2003. Id. The Appeals Council rejected Plaintiff's argument:

> The Appeals Council observes that the hearing decision contains some typographical error regarding your date last insured for disability benefits. On page 1, the decision correctly states that your earning record shows that you acquired sufficient quarters of coverage to be insured through June 30, 2000, however, the remaining references to your date last insured incorrectly identify this date as June 30, 2009. As initially indicated in the decision, you were last insured for Title II benefits through June 30, 2000, but not thereafter.

R. at 2.

Plaintiff blithely presents the exact same argument without regard to the Record or the Appeals Council's decision. She argues that she "entered the 'Advanced Age' category in 2002, seven years prior to the Plaintiff's . . . last insured date of June 30, 2009." Plaintiff's Brief at 7. Later, she contends "[t]he hearing decision correctly states that the Plaintiff is 62 years old on the date last insured, but then incorrectly defines the Plaintiff's age as an 'individual closely approaching advanced age.'" Id. She then argues the ALJ should have applied the Guideline applicable to claimants of "advanced age." Id. at 8. As with the argument presented to the Appeals Council, this argument's validity depends entirely on accepting that Plaintiff's insured status expired in 2009 and not 2000. However, Plaintiff presents no argument suggesting that her insured status expired in 2009. Instead of relying on facts she relies on the ALJ's mistake, and ignores (1) the ALJ's other (and correct) statements acknowledging her insured status expired in 2000 and (2) the Appeals' Council's decision. A claimant's insured status is a matter of mathematical calculation, and the necessary premise to Plaintiff's argument – that her insured status extended past June 2000 – is mathematically incorrect.

Counsel's lack of candor is disappointing. The Court recognizes counsel did not represent Plaintiff in the administrative proceedings. However, an attorney who begins representation *in media res* is expected to become familiar with the prior proceedings – including the issues raised and the rulings made. Presenting this argument without mentioning the Appeals Council's ruling is disingenuous and unacceptable, and appears to be an effort to deceive the Court.

Plaintiff also presents an argument that, by its caption, contends the ALJ's decision was not supported by substantial evidence. The body of this argument, consisting of two paragraphs, only cites the law governing the applicable standard of review. The argument does not explain the basis for any error and therefore presents nothing for the Court's consideration.

For these reasons, the Commissioner's final decision is affirmed.
IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 13, 2013                    UNITED STATES DISTRICT COURT